RECEIVED
BY: _____
JUL 0 5 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA



# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| **FREDDIE R. LEWIS** | **CIVIL ACTION NO. 06-179-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of <u>habeas corpus</u> filed by <u>pro se</u> petitioner Freddie R. Lewis ("Petitioner")[1]. This petition was received and filed in this Court on January 30, 2006. Petitioner, a pretrial detainee at the Bossier Parish Maximum Security Facility in Plain Dealing, Louisiana, challenges his current detention. He names the Warden, Bossier City, the Bossier City Police Department, Sgt. Shelton, Larry C. Dean and the Bossier Parish Sheriff Department as respondents. The proper defendant in a <u>habeas corpus</u> petition is the official in charge of the custody of the petitioner. The facts indicate that the Warden at the Bossier Parish Maximum Security Facility is the proper defendant. Thus, this

---

[1] Any claims Petitioner makes regarding the conditions and/or episodic acts of his confinement should be filed as a separate civil rights complaint and will not be considered in this action.

Court will name said Warden as respondent herein.

Plaintiff claims that on November 18, 2005, members of the Bossier City Police Department and/or Bossier Parish Sheriff Department illegally searched him home and arrested him. He claims he was charged with three counts of possession of a Schedule II, controlled dangerous substance, two counts of possession of a Schedule II, controlled dangerous substance with intent to distribute and one count of possession of drug paraphernalia. He complains that since his arrest, he has not received official notification regarding his court appointed attorney. He further complains that the Louisiana Twenty-Sixth Judicial Court has set an excessive bond.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Petitioner's complaint invokes the jurisdiction of this Court pursuant to 28 U.S.C. §2254. Upon examination of Petitioner's petition, it is evident that he is a pretrial detainee. This Court will therefore consider his petition as one for relief under 28 U.S.C. §2241.

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. Rose v. Lundy, 455 U.S.

509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); <u>Minor v. Lucas,</u> 697 F.2d 697 (5th Cir. 1983).

Eligibility to proceed under Section 2241 depends upon the fulfillment of two prerequisites. The statute itself requires that petitioner must be "in custody" in order to seek <u>habeas</u> relief. Once petitioner has met this prerequisite, he must then show that he has exhausted available state remedies. <u>Braden v. 30th Judicial Circuit Court of Kentucky,</u> 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 433 (1983). The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." <u>Dickerson v. State of Louisiana,</u> 816 F.2d 220, 225 (5th Cir. 1987).

Furthermore, pretrial <u>habeas</u> relief is not a tool which can be used to derail or interfere with a state's criminal process. <u>Braden v. 30th Judicial Circuit Court of Kentucky,</u> 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 442 (1973). Absent exceptional circumstances, this Court is not authorized to interfere with state trial court proceedings. <u>Braden, supra.</u>

This face of Petitioner's petition indicates that he has not presented his claims to the appropriate state courts for review and determination. Therefore, Petitioner has not exhausted available state remedies prior to filing his petition in this Court.

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. <u>Picard v. Connor,</u> 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438,

443 (1971); <u>Rose v. Lundy</u>, <u>supra</u>.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's petition for writ of <u>habeas corpus</u> be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 5th day of July 2006.

**MARK L. HORNSBY**
**UNITED STATES MAGISTRATE JUDGE**

Page 4 of 4